UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JOHN CROSBY,                          )
                                     )
            Petitioner,               )
                                     )
v.                                    )        2:11-cr-00023-GZS-1
                                     )        2:14-cv-00013-GZS
UNITED STATES OF AMERICA,             )
                                     )
            Respondent                )

**ORDER**

On August 12, 2011, the Court sentenced Defendant John Crosby (Petitioner) to a term of

46 months in prison and three years of supervised release.  Petitioner appealed from the judgment

of conviction and sentence.  On appeal, as it affirmed the judgment of conviction and sentence,

the First Circuit noted that Petitioner's ineffective assistance argument, which was based on trial

counsel's failure to seek suppression of a shotgun, was not a proper argument on direct appeal,

and would have to be addressed in the context of a Section 2255 motion.  (ECF No. 61.)  According

to Petitioner's assertions in several filings, he is presently serving his term of imprisonment at the

Coolidge House in Boston, Massachusetts.

On January 13, 2014, while detained at the Gilmer FCI, Petitioner filed a Motion to Vacate,

Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 69).  In his motion,

Petitioner presents two claims of ineffective assistance of counsel, which motion is supported by

a 51-page Addendum.  The Petitioner asserts that the Addendum articulates "26 specific issues."

(See ECF No. 6 at 3.)  After review of Petitioner's motion, the Court ordered the United States

("the Government") to answer.  Before the Government filed its answer, Petitioner requested leave

to file a "memorandum of law."  (ECF No. 73.)  The Court denied Petitioner's request until after

receipt of the Government's response. (ECF No. 74.) On May 15, 2014, the Government responded to the motion with its Answer/Response/Request for Dismissal. (ECF No. 89.) In the interim, Petitioner was relocated to the Coolidge House, a halfway house in Boston, Massachusetts.

Before his move to the Coolidge House, and before the Government responded to the Section 2255 Motion, Petitioner filed a Motion to Compel Discovery (ECF No. 77). In his motion, Petitioner complained that he did not have a paper copy of his case materials and that he could not access a digital version stored on digital storage media in his possession because Gilmer FCI computers would not open the file formats found on the media.

In anticipation of a move to the Coolidge House, Petitioner requested that the Court order the Coolidge House to allow him access to local libraries because the Coolidge House does not provide Lexis Nexus access. (ECF No. 78.) The Court denied the motion because Plaintiff was not yet housed at the Coolidge House and it was not known what access would be provided to legal materials. (ECF No. 79.)

On May 12, 2014, Plaintiff filed his Motion to Revisit Issue Regarding Right to Access Legal Research Materials (ECF No. 84). Plaintiff represented that he has no access to legal materials or meaningful computer access at the Coolidge House. He also asserted that the individuals in charge of his custody will not allow him access to public libraries due to the nature of his offense. (*Id.* at 4.) At the same time, Petitioner's representations suggest that he is out of the Coolidge House during the day and that the stacks of university law libraries are available to him. (*Id.* at 8.) Petitioner complains of insufficient computer access at the Coolidge House, though he indicates that some access is available, as well as internet access. (*Id.* at 8-9.)

Following the filing of the Government's response to Petitioner's motion, Petitioner filed an objection regarding the Government's response to his request to compel greater access to legal

materials. (ECF No. 92.) In this filing, Petitioner represented that the lack of access to any meaningful legal materials continues at the Coolidge House. (*Id.* at 2-3.) Petitioner asserted that he addressed the matter multiple times with the Coolidge House administrative staff, without success. (*Id.* at 6.) He further stated that "the burden of finding and securing access is being placed on me, even though I am unfamiliar with Boston . . . and have no special credential that entitle me to access to law libraries." (*Id.* at 7.) According to Petitioner, the Coolidge House has denied his request to visit a trial court law library in Dedham, Massachusetts, which library he believes would provide meaningful access. (*Id.*)

On June 12, 2014, Petitioner sought a further extension of time to reply, reporting "a complete denial and prevention of access to any and all legal research materials." (ECF No. 96 at 2.) On July 30, 2014, Petitioner requested another enlargement of his reply deadline, reasserted his earlier arguments, and reported a major surgery on July 10, 2014, that further reduced his ability to address his legal matters. (ECF No. 100.) In the July filing, Petitioner reported his participation in a 30-hour-per-week job-training class, "which prevents him from doing legal research since all law libraries in the area are only open during normal business hours," when he is engaged in his class. (*Id.* at 3.) Petitioner also expressed his intention to file "a substantial memorandum of law . . . that will entail significant argument and will be lengthy," stated that he has "*completed the lion's share of the necessary research*," and suggested that it will require "significant time to assemble and articulate cogent arguments, complete with the appropriate citations of law." (*Id.* at 3 (emphasis supplied).) Petitioner requested until August 27, 2014, to file his reply, which request the Court granted. (ECF No. 101.)

On August 29, the Court granted Petitioner a further extension until September 11, 2014, to submit his reply. (ECF No. 103.) In support of this most recent request for an extension,

Petitioner cites job responsibilities and an unrelated court proceeding as among the reasons for his need for additional time to file his reply. (ECF No. 102.) Nevertheless, Petitioner asserted that he had made "significant progress." *Id.*

Petitioner's Motion to Compel (ECF No. 77) and the Motion to Revisit (ECF No. 84), which are related to Petitioner's efforts to prepare a reply to the Government's response, are currently before the Court for disposition.

## Motion to Compel

As mentioned above, Petitioner seeks an order directing the Government to produce all discovery in a paper format. Petitioner's assertions in his various filings, which are unsworn, establish that Petitioner has had meaningful access to the computers at the Coolidge House or elsewhere, and the record contains no suggestion that the computers are unable to read the files on which the relevant documents are contained. Based on Petitioner's representation that he had conducted the "lion's share" of the necessary research as of July, and his assertion in his most recent filing that he has made "significant progress," the Court is persuaded that Petitioner has had access to the pertinent file materials. The Court, therefore, denies Petitioner's Motion to Compel (ECF No. 77).

## Motion to Revisit

Petitioner also asks the Court to revisit his request for an order that requires the Coolidge House to provide him with certain access to legal materials. Preliminarily, the Court notes that Petitioner's motion is not a civil rights action challenging the conditions of confinement. Any such action would be subject to exhaustion of administrative procedures, and Petitioner has not established that he has exhausted the administrative remedies regarding this assertion.

Furthermore, while Petitioner has evidently experienced some challenges in preparing a reply to the Government's response, Petitioner's filings convince the Court that the challenges are based on issues (e.g., surgery, job-training schedule, unrelated litigation) over which Coolidge House has no control and which are unrelated to the policies of Coolidge House regarding access to legal materials. In fact, in his filings, Petitioner reports that he has been able to conduct significant research.

Finally, although the Rules Governing Section 2255 Proceedings anticipate Petitioner's ability to file a reply brief, the right of reply is neither based on the Constitution nor based on 28 U.S.C. § 2255 itself. In light of Petitioner's substantial initial filing in support of his Section 2255 Motion, Petitioner's unsworn contentions regarding the adequacy of the time and resources afforded to him to supplement his filing or reply to the Government's response do not reflect a denial of his right to access the Court to challenge his conviction or sentence. *Bounds v. Smith,* 430 U.S. 817, 828 (1977). Indeed, by his own count, Petitioner has provided the Court with 26 specific issues to consider in connection with the challenge to his conviction and sentence.

In short, the Court is not convinced that Petitioner has suffered a constitutional deprivation with respect to his access to legal materials. To the extent that other issues have interfered with Petitioner's ability to file a reply to the Government's response, the Court has granted Petitioner multiple extensions to permit him sufficient time to prepare and file the response. Accordingly, the Court denies Petitioner's Motion to Revisit Issue Regarding Petitioner's Right to Access Legal Research Materials (ECF No. 84).

## CERTIFICATE

Any objections to this Order shall be filed in accordance with Fed. R. Civ. P. 72.

*So Ordered.*

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 4th day of September, 2014.